IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. **PJM 09-0468** |
| **RODNEY MATTHEW ESTEP, JR.** | * |
| Petitioner | * |

## MEMORANDUM OPINION

Rodney Estep has filed a Petition under 18 U.S.C. § 3582(c) to have his sentence reduced pursuant to Amendment 782 to the U.S. Sentencing Guidelines. Having reviewed the Motion, and the Government's Opposition, the Court, for the reasons that follow, will **GRANT** the Motion but will only reduce Estep's sentence to 134 months in custody.

### I.

On April 14, 2010, Estep pleaded guilty in this Court a three-count Superseding Information as follows: Count 1, Conspiracy to Distribute Five Kilograms or More of Cocaine and Fifty or More Grams of a Mixture of Substance Containing a Detectable Amount of Cocaine Base violation of 21 U.S.C. § 846; Count 2, Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and Count 3, Conducting an Illegal Gambling Business in violation of 18 U.S.C. § 1955. Based on an offense level of 32 and a criminal history category of III, the guideline range for custody was 151 months to 188 months. On May 4, 2011, this Court sentenced Estep to 168 months in custody as to Counts 1 and 2, and 60 months in custody as to Count 3, with the three sentences to run concurrently.

On July 10, 2015, the Office of the Federal Public Defender, on behalf of Estep, filed the instant Motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence pursuant to Amendment 782 of the Sentencing Guidelines. The parties agree that under Amendment 782, Estep's offense level should be reduced by two levels. With the same criminal history category of III, but with the offense level lowered from 32 to 30, the amended guideline range is 121 to 151 months.

Although the Government and Estep's counsel agree that he is eligible for a sentence reduction, they dispute the extent of the reduction. Counsel for Estep requests a sentence of 121 months as to Counts 1 and 2, at the bottom of the new guideline range. The Government objects to the extent of the relief sought, arguing that a sentence of 134 months is the most accurate reflection of the original sentence, based on a percentage-based methodology.

II.

Subsequent to Estep's sentencing, the United States Sentencing Commission adopted Amendment 782, effective November 1, 2014, that reduced the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses by two levels. Soon after, the Sentencing Commission provided that Amendment 782 would apply retroactively. U.S.S.G. §§ 1B1.10(d), (e)(1).

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the court to reduce his sentence. Section 3582(c) provides that the court may reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(2). As the United States Supreme Court explained in *Dillon v. United States*, 560 U.S. 817, 819, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010), "applicable policy statements" refers to those statements found in U.S.S.G. § 1B1.10. In *Dillion*, the Court described 18 U.S.C. § 3582(c)(2) as a two-step inquiry: the district court "must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillion*, 560 U.S. at 826.

Under Section 1B1.10(b)(1), the court is instructed to determine the guideline range that would have been applied had the amendment been in effect at the time of sentencing. In doing so, the court must "substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. §§ 1B1.10(b)(1). In general, a defendant's sentence should not be reduced "to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. §§ 1B1.10(b)(2)(A); *see United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010).

### III.

Estep contends that a reduced sentence of 121 months is within the Court's authority and would fulfill the policy statements in U.S.S.G. § 1B1.10. He submits that a sentence at the very bottom of the new guideline range is warranted by several relevant factors, including that he would pose no danger to the community. He has already spent five years in custody, was a low-level, non-violent drug offender, had a minimal, non-violent criminal history, has two children who need his support, and maintains a close relationship with his mother. *See* Def.'s Reply at 2, ECF No. 562-4.

Arguing from a percentage-based methodology, the Government asserts that a reduced sentence of 134 months would be the most accurate reflection of the original sentence. The Government calculates Estep's original sentence of 168 months as a percentage of the bottom of the original guideline range, and then determines 134 months to be the same percentage of the bottom of the new guideline range.[1] A sentence of 134 months, in the Government's view, ensures an accurate and consistent sentence in line with the Guidelines' policy statement, while Estep's request for a sentence of 121 months is inconsistent with the mandates of U.S.S.G. § 1B1.10. *See* Gov't Resp. Opp'n at 3, ECF No. 562-3.

The Court concludes that a sentence of 134 months, as recommended by the Government, is the most appropriate in this case.

A federal court has discretion to issue a reduced sentence within the new guidelines range, "calculated by any reasonable means, so long as it yields a new sentence congruent with the policy statements of the Guidelines." *United States v. Fennell*, 592 F.3d 506, 510–11 (4th Cir. 2010).

While the Government's percentage-based methodology provides an accurate way to "substitute only the amendment(s) . . . for the corresponding guideline provisions that were applied when the defendant was sentenced," U.S.S.G. §1B1.10(b)(1), the Court's analysis does not stop there. In determining the extent of the reduction, the Court is also instructed to consider other factors, including the "nature and seriousness of the danger to any person of the community that may be posed by a reduction in the defendant's term of imprisonment . . ." as well as "post-

---

[1] The United States Probation Office ("USPO") also recommends a reduced sentence of 134 months, but performs a variation of the percentage-based methodology to reach this result. USPO notes that the original sentence of 168 months is 89% of 188 months, the top of the original guideline range. Likewise, 134 months is 89% of 151 months, the top of the new guideline range. USPO Memo, ECF No. 562-2

sentencing conduct of the defendant that occurred after imposition of the term of imprisonment . . . ." U.S.S.G. § 1B1.10 app. n. 1(B).

That said, the Court finds in this case that a reduced sentence of 134 months appropriately captures all of the relevant policy factors. The limited information provided as to the post-sentencing conduct of the defendant does not warrant a further reduction from the sentence calculated by means of the percentage-based methodology. Estep's family background and the fact that he was a low-level, non-violent drug offender with a minimal criminal history were taken into consideration at the time of sentencing.

Accordingly, the Court grants Estep's Motion and applies a two-level reduction in the offense level from 32 to 30, but only reduces his sentence to 134 months.

### IV.

For the foregoing reasons, Estep's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **GRANTED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 1, 2016