IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. **PJM 09-0468** |
| | * | |
| RODNEY MATTHEW ESTEP, JR. | * | |

**MEMORANDUM OPINION**

Rodney Estep, through counsel, has filed a Motion for Reconsideration of the Court's decision to grant his Petition pursuant to 18 U.S.C. § 3582(c), ECF No. 581, such that his sentence was reduced to 134 months in custody. Having reviewed the Motion—in which Estep renews his request for a reduction to 121 months in custody—and the Government's Opposition thereto, the Court will **DENY** the Motion.

**I.**

Following Estep's guilty plea to a three-count Superseding Information, this Court sentenced him to 168 months in custody to run currently as to: Count 1 - Conspiracy to Distribute Five Kilograms or More of Cocaine and Fifty or More Grams of a Mixture of Substance Containing a Detectable Amount of Cocaine Base in violation of 21 U.S.C. § 846; and Count 2 - Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[1] With an offense level of 32 and a criminal history category of III, the applicable guideline range at the time of sentencing was 151 to 188 months imprisonment.

---

[1] The Court also sentenced Estep to 60 months in custody to run currently for Count 3, Conducting an Illegal Gambling Business in violation of 18 U.S.C. § 1955.

On July 10, 2015, Estep, through the Office of the Federal Public Defender, moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence pursuant to Amendment 782 of the Sentencing Guidelines, which reduced by two levels the base offense level in the Guidelines for certain drug offenses under § 2D1.1. The Government consented to a two-level reduction in Estep's offense level. With the same criminal history category of III, but with the offense level lowered from 32 to 30, the amended guideline range became 121 to 151 months. However, the parties disagreed as to the extent of the reduction. Estep requested a reduction to 121 months, while the Government proposed a sentence of 134 months as the most accurate reflection of the original sentence, using a percentage-based methodology.

In a Memorandum Opinion and Order dated April 4, 2016, the Court granted Estep's Motion to Reduce Sentence, but only reduced his sentence to 134 months. *See* ECF Nos. 577, 578. Then, on April 19, 2016, the Office of the Federal Public Defender filed the instant Motion for Reconsideration on Estep's behalf on the ground that defense counsel had inadvertently left out Estep's progress report from the Bureau of Prisons ("BOP"). *See* ECF No. 581.

## II.

Rule 35(a) of the Federal Rules of Criminal Procedure permits the reconsideration and correction of a sentence "[w]ithin 14 days after sentencing" only to correct an "arithmetical, technical, or other clear error." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting Fed. R. Crim. P. 35(a)) (internal quotation marks omitted). The scope of clear error under Rule 35(a) is "extremely narrow" is order to promote "openness and finality in sentencing." *United States v. Hall*, No. 15-4300, 2016 WL 1426424, at *2 (4th Cir. Apr. 12, 2016) (quoting *United States v. Fields*, 552 F.3d 401, 404–05 (4th Cir. 2009). The Rule is limited to "cases in which an obvious error or mistake has occurred in the sentence, that is, errors

which would almost certainly result in a remand of the case to the trial court for further action." *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999) (quoting Fed. R. Crim. P. 35 advisory committee's 1991 note).

In the Motion for Reconsideration, defense counsel renews the request to reduce Estep's sentence to 121 months primarily on the basis of the newly-submitted BOP report. During his time in custody, the report shows that Estep has had "zero disciplinary infractions[,] . . . has received positive evaluations from his counselors, has had a consistent work history, and has taken advantage of programming opportunities." ECF No. 581 at 1 (citing Ex 1. April 12, 2016 Progress Report at 2, 3, 15). The Motion also notes that Estep is in a minimum security facility and is permitted to go out into the community. *Id.* (citing Ex. 1 April 12, 2016 Progress Report at 1). Defense counsel requests that the Court take this information into account, pursuant to the governing policy statement in the Sentencing Guidelines, in assessing the "nature and seriousness of the danger to any person or the community that may be posed by a reduction," and the "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment[.]" U.S.S.G. § 1B1.10 app. n. 1(B). On this basis, Estep renews his request for a sentence of 121 months.

The Government maintains that a reduction to 134 months is still a proper amended sentence, arguing that the limited amount of information as to the post-sentence conduct of the defendant was not the sole reason for the Court's decision. ECF No. 582.

Having considered the additional information provided by defense counsel, the Court concludes that, on balance, 134 months is still the most appropriate reduced sentence. It is within the discretion of the district court to determine a reduced sentence within the new guidelines range, "calculated by any reasonable means, so long as it yields a new sentence

congruent with the policy statements of the Guidelines." *United States v. Fennell*, 592 F.3d 506, 510-11 (4th Cir. 2010). The Court explained in its April 4, 2016 Memorandum Opinion the relevant factors it took into account in determining the new sentence:

> While the Government's percentage-based methodology provides an accurate way to "substitute only the amendment(s) . . . for the corresponding guideline provisions that were applied when the defendant was sentenced," U.S.S.G. §1B1.10(b)(1), the Court's analysis does not stop there. In determining the extent of the reduction, the Court is also instructed to consider other factors, including the "nature and seriousness of the danger to any person of the community that may be posed by a reduction in the defendant's term of imprisonment . . ." as well as "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment . . . ." U.S.S.G. § 1B1.10 app. n. 1(B).

Mem. Op. at 4–5, ECF No. 577. The Court went on to explain that one reason for a sentence of 134 months rather than 121 months was that "the limited information provided as to the post-sentencing conduct of the defendant does not warrant a further reduction." *Id.* at 5.

Under the Guidelines' policy statements the Court "may" take into account post-sentencing conduct, but no one factor is dispositive. At the time of the original sentencing, the Court considered a variety of factors, including the history and characteristics of the defendant, the nature and circumstances of the offense, and the requirements of just punishment and adequate deterrence. *See* 18 U.S.C. § 3553(a). For example, as the Government notes, Estep was a "manager or supervisor in a drug distribution conspiracy that involved three or more people," Gov't Resp. at 2, ECF No. 582 (citing Presentence Report at ¶ 42), and pleaded to facts including his role in recruiting others to the drug trafficking organization. *Id.* (citing Plea Agreement at 13).[2] The Court concluded that "[a] sentence in the mid-range is appropriate in the light of the nature of the offense." Judgment, Statement of Reasons, ECF No. 342.

---

[2] The Government argues, and defense counsel concedes, that Estep cannot be said to be a "low-level" offender. *See* ECF No. 582 at 2; ECF No. 585 at 3 n.4. In the April 4, 2016 Memorandum Opinion, the Court discussed defense counsel's original assertion that Estep was a "low-level" offender in order to reject the proposition that Estep should be resentenced to the bottom of the guideline range (121 months) based on factors that the Court already considered at sentencing. The Government's percentage-based methodology, as an accurate reflection of the original sentence

A sentence in the mid-range of the new guidelines remains most appropriate in light of all the relevant factors. Estep's BOP record is certainly commendable; nevertheless, "post-sentencing conduct of the defendant," is but one of many factors that the Court *may* take into consideration when reviewing a Motion to Reduce Sentence. *See* U.S.S.G. § 1B1.10 app. n. 1(B). At this time, the Court does not believe that Estep's post-sentencing conduct tips the balance, given all of the other factors considered, such that his sentence should be reduced further from 134 months to 121 months—the bottom of the amended guideline range.

### III.

For the foregoing reasons, Estep's Motion for Reconsideration, ECF No. 581, which requests that the Court reduce his sentence to 121 months pursuant to 18 U.S.C. § 3582(c), is **DENIED**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 10, 2016

---

within the new guideline range (134 months), captures the factors considered at the time of sentencing, including whether Estep was a "low-level" or "high-level" offender.